UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**HAFEZ M. BAZZI,**   CASE NO. 2:19-cv-10366

    **Plaintiff,**   HON.

v.

**ORKIN, LLC, a Delaware Limited Liability Company,**

    **Defendant,**

_____/

JORDAN S. VAHDAT (P79237)
HASSAN N. BAZZI (P82770)
**VAHDAT WEISMAN, PLC**
7733 Schaefer Rd.,
Dearborn, MI 48126
Tel. (313) 949-3548
Fax (313) 451-9719
Attorney@thevwlaw.com
_____/

## COMPLAINT

Plaintiff, HAFEZ M. BAZZI, sets forth his Complaint as follows:

1. This lawsuit arises out of Defendant spraying toxic chemicals that were meant only for outdoor application all over the inside of Plaintiff's home.

### PARTIES AND JURISDICTION

2. Plaintiff, Dr. Hafez M. Bazzi, is a resident of Wayne County, Michigan.

3. Defendant, Orkin, LLC, provides pest control services.

4. Defendant is organized under the law of the State of Delaware. Its principal place of business is in the State of Georgia.

5. Defendant is a wholly-owned subsidiary of Rollins Inc. Rollins, Inc., is a corporation organized under the laws of the State of Delaware. Its principal place of business is in the State of Georgia.

6. Defendant's actions have caused far more than $75,000.00 of damage to Dr. Bazzi's house.

7. This Court has jurisdiction pursuant to 28 USC 1332 because there is complete diversity of the parties, and the amount in controversy exceeds $75,000.00.

8. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b) because the acts providing the legal basis for this complaint occurred in Dearborn, Michigan.

## BACKGROUND FACTS

9. On or about June 2012, Dr. Bazzi first hired Defendant to provide pest control services at Dr. Bazzi's home.

10. Since then, Defendant typically came to Dr. Bazzi's home every three or four months to provide pest control services, including the application of pest control chemicals.

11. On or about June 21, 2017, Defendant went to Dr. Bazzi's home to provide pest control services.

12. On or about June 21, 2017, Defendant's employee sprayed chemicals inside Dr. Bazzi's home.

13. On or about June 21, 2017, Defendant's employee sprayed chemicals inside Dr. Bazzi's home that were meant only for outdoor use.

14. On or about June 21, 2017, Defendant's employee sprayed chemicals inside Dr. Bazzi's home that were not safe for indoor use.

15. On or about June 21, 2017, Defendant's employee sprayed chemicals inside Dr. Bazzi's home that were toxic.

16. On or about June 21, 2017, Defendant's employee sprayed chemicals inside Dr. Bazzi's home, including fipronil.

17. The chemicals that Defendant sprayed in Dr. Bazzi's home on or about June 21, 2017, damaged Dr. Bazzi's home.

18. The chemicals that Defendant sprayed in Dr. Bazzi's home on or about June 21, 2017, left stains on the wood trim around the perimeter of rooms throughout Dr. Bazzi's home.

19. The breadth of the stains indicate that the chemical was applied with a wider spray, such that is meant for use outdoors, rather than the narrower spray that is used for indoor applications.

20. The chemicals that Defendant sprayed in Dr. Bazzi's home on or about June 21, 2017, seeped into surfaces throughout Dr. Bazzi's home, including, but not limited to, stonework, wood floors and trim throughout, and kitchen surfaces.

21. Defendant's liability claim adjusters visited Dr. Bazzi's home multiple times to view the damage.

22. Defendant's liability adjusters acknowledged that the wrong spray was used, and that the chemicals had been absorbed into numerous surfaces throughout Dr. Bazzi's home.

23. On or about June 20, 2018, Defendant sent a chemist to take and test samples from Dr. Bazzi's home.

24. The results of that testing revealed that fipronil was present throughout Dr. Bazzi's home.

25. Fipronil is a toxic chemical that is used for outdoor pest control applications.

26. Fipronil is not meant for indoor application.

27. Fipronil is not meant for indoor application because of its toxicity.

28. Other "outdoor" chemicals were also found in the samples taken from Dr. Bazzi's home.

29. Some of these chemicals can last up ten (10) years when applied indoors.

30. The fipronil and other chemicals that were found in Dr. Bazzi's home are from when Defendant sprayed outdoor chemicals inside Dr. Bazzi's home.

31. Defendant's spray of toxic chemicals in Dr. Bazzi's home has caused over $750,000.00 of damage.

32. Moreover, the chemicals identified in Dr. Bazzi's home because of Defendant's actions will necessarily lower the market value of Dr. Bazzi's home.

## COUNT I
### Negligence

33. Plaintiff incorporates all prior allegations as fully set forth here.

34. Defendant had a duty to:

   a. Not spray unsafe chemicals in Dr. Bazzi's house;

   b. Spray "outdoor" chemicals only outdoors;

   c. Keep cognizant of what chemicals were being sprayed and how they were being sprayed;

   d. Take note of staining on Dr. Bazzi's surfaces caused by the improper spray;

  e. Take note of the spray area being wide, like an outdoor spray, instead of narrow like indoor sprays;

  f. Stop spraying outdoor chemicals in Dr. Bazzi's home immediately after seeing indications that the wrong spray was being applied.

35. Defendant breached those duties by spraying about 6 gallons of toxic, outdoor pesticides throughout Dr. Bazzi's home.

36. As a result of Defendant's negligence, Dr. Bazzi has been damaged in excess of $750,000.00.

## COUNT II
### Toxic Tort

37. Plaintiff re-alleges all prior allegations and incorporates them here by reference as if fully stated herein.

38. At all times relevant, Defendant had a duty to avoid spraying toxic chemicals in Dr. Bazzi's home.

39. Defendant had a duty to:

  g. Not spray unsafe chemicals in Dr. Bazzi's house;

  h. Spray "outdoor" chemicals only outdoors;

  i. Keep cognizant of what chemicals were being sprayed and how they were being sprayed;

  j. Take note of staining on Dr. Bazzi's surfaces caused by the improper spray;

  k. Take note of the spray area being wide, like an outdoor spray, instead of narrow like indoor sprays;

      l.      Stop spraying outdoor chemicals in Dr. Bazzi's home immediately after seeing indications that the wrong spray was being applied.

40.      Defendant breached these duties when it sprayed toxic outdoor chemicals in Dr. Bazzi's home.

41.      Defendant knew, or should have known, that spraying outdoor chemicals inside Dr. Bazzi's home would cause damage and require replacement of the surfaces contaminated with the spray.

42.      Defendant knew, or should have known, that spraying outdoor insecticides inside Dr. Bazzi's home could cause human injury and would lower the property value of Dr. Bazzi's home.

43.      Dr. Bazzi's home has been substantially damaged because of the chemicals that Defendant sprayed all over Dr. Bazzi's home.

## COUNT III
### Nuisance

44.      Plaintiff re-alleges all prior allegations and incorporates them here by reference as if fully stated herein.

45.      Defendant sprayed toxic chemicals throughout the inside of Dr. Bazzi's home.

46.      The presence of toxic chemicals throughout Dr. Bazzi's home constitutes a nuisance.

47.      The presence of toxic chemicals in Dr. Bazzi's home has directly and proximately caused Dr. Bazzi substantial damages, including:

      m.      Diminution in value of Dr. Bazzi's home;

      n.      Damage to Dr. Bazzi's property and possessions; and

o. Disruption of Dr. Bazzi's life and general emotional distress and upset, including

  i. Loss of sleep;

  ii. Difficulty in carrying on normal recreational activities;

  iii. Loss of enjoyment of Plaintiff's property; and

  iv. Other damages that flow naturally and consequentially from Defendant's actions.

WHEREFORE, Plaintiff respectfully prays of this Honorable Court that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

a. Compensatory damages;

b. Punitive damages; and

c. Reasonable attorneys' fees, costs and expenses in bringing this action; and

d. Any other relief, equitable or otherwise, that is fair and just.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,
**VAHDAT WEISMAN, PLC**

BY: */s/ Jordan S. Vahdat*
JORDAN S. VAHDAT (P79237)
*Attorneys for Plaintiff*
7733 Schaefer Rd.
Dearborn, MI 48126
(313) 949-3548

Date: February 6, 2019